IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ISAAC C. LENSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-119-Z-BR |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT MOTION FOR SUMMARY JUDGMENT

Plaintiff Isaac C. Lensey ("Plaintiff"), proceeding *pro se* and while in the custody of the Texas Department of Criminal Justice ('TDCJ'), brings this action against five Defendants pursuant to 42 U.S.C. § 1983, all of whom are alleged to be current or former TDCJ employees, complaining of certain COVID-19 mitigation measures taken in his unit of assignment. (ECF 1). Two Defendants, Bobby Lumpkin and Bryan Collier, appeared and removed this matter to federal court. (*Id.*). Those Defendants now move for summary judgment, represented by the Attorney General of Texas ("OAG"). (ECF 13). For the reasons that follow, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Motion be granted.

## I.    INTRODUCTION

As relevant here, Plaintiff alleges in his Complaint that TDCJ policy implemented in response to the COVID-19 pandemic was cruel and unusual in its deliberate indifference to his health. (ECF 1-4 at 4). In particular, Plaintiff alleges that TDCJ maintained crowded prisoner housing areas in the Neal Unit and, as a result, he contracted COVID-19. (*Id.* at 5).

II.    <u>ANALYSIS</u>

Summary judgment is appropriate in any given case where, after adequate time for discovery and upon proper motion, the non-movant has failed to make a sufficient showing to establish all elements of a claim asserted. *Celotex Corp. Catrett*, 477 U.S. 317, 322 (1986). In the context of § 1983 actions, government officials cannot be held responsible for the conduct of their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, plaintiffs "must plead that each [g]overnment official defendant, through the official's own actions, has violated the Constitution." *Id.*

With those principles in mind, the undersigned must examine the particulars of Plaintiff's removed Amended Complaint for allegations against Lumpkin and Collier, those Defendants who now move for summary judgment. Plaintiff is entitled to a liberal reading of his filings. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). However, the most careful reading serves only to confirm that Plaintiff cannot succeed here.

Plaintiff has filed suit against Defendants in both their official and individual capacities. (ECF 1-4 at 14–16). Plaintiff's official capacity claims are barred by Defendants' Eleventh Amendment immunity. *Whole Woman's Health v. Jackson*, 142 S.Ct. 522, 532 (2021). As to the individual capacity claims, on a page labeled "VI. Legal Claims," Plaintiff alleges Defendant Lumpkin "acted with deliberate indifference…by continuing to maintain crowded prisoner housing at max capacity" during the pandemic. (ECF 1-4 at 16). As to Defendant Collier, Plaintiff only alleges that he is "legally responsible" for the welfare of prisoners in TDCJ custody. (*Id* at 11). Neither of these allegations approach the standard required.

Plaintiff's allegations against Defendant Collier are plainly deficient because they do not tread beyond a *respondeat superior* theory barred in § 1983 actions. The allegations against

Defendant Lumpkin, on the other hand, contain specific allegations but have no substance behind them. Plaintiff only alleges that Lumpkin "acted" to maintain prison housing at an unsafe level, without ever elaborating beyond conclusory legal recitations. (*Id.* at 16). This case is more than two years old, when counting its pendency in state court. (*Id.* at 10). If Plaintiff was willing or able to develop to facts that would support maintaining Defendants Lumpkin and Collier in this action, he would have done so by now.[1] Accordingly, summary judgment should be granted in their favor.

### III.    RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Motion for Summary Judgment, (ECF 13), be granted and Defendants Bobby Lumpkin and Bryan Collier be dismissed from this action.

### IV.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 12, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation.    In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the**

---

[1] Even if Plaintiff had supplied facts to show the personal involvement of Defendants Lumpkin and Collier, the Fifth Circuit has repeatedly held that TDCJ took timely and appropriate steps to protect inmates from the pandemic. *Valentine v. Collier*, 956 F.3d 797 (5th Cir. 2020); *Valentine v. Collier*, 993 F.3d 270 (5th Cir. 2021).

**fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).